## PLEADING AND PRACTICE.

LEROY M. WILEY vs. THE PLANTERS & MECHANICS BANK OF CO-
LUMBUS, Defendants, and JAMES M. CHAMBERS, Garnishee.
DANIEL HIGHTOWER vs. the same.

### Demurrer to Traverse of the Answer of Garnishee.

When a garnishee's answer denies all indebtedness; the general averment, that he
*is* indebted, and has in hand effects of the defendant, without specifying *what*
is his indebtedness, or *what assets* he holds, is uncertain, indefinite, and consti-
tutes no traverse of the answer.

Suits at Law were sued out by the plaintiff, against the defendants,
and recoveries had thereon, and summons of garnishment served,
upon James M. Chambers, returnable to the Superior Court of Mus-
cogee County, and the answer of the garnishee filed, at the October
term, 1842, of said Court, denying any indebtedness to the defend-
ants, or having any effects in hand, &c. To which answer the
plaintiffs tendered an issue, traversing the answer of the garnishee,
on the following grounds :

1st. Because the garnishee, before or at the time of filing his an-
swer, was indebted to the defendants, in a large sum of money, to-
wit, the sum of $30,000.

2d. Because the garnishee had, before or at the time of filing his
answer, notes, accounts, and other property and effects in his hands,
belonging to the said defendants, amounting in value to the sum
of $30,000.

3rd. Because the said garnishee held in his hands, at the time of
filing his answers, or before and at the time or after the service of
summons, notes, accounts, and other effects, the property of the de-
fendants, amounting to $30,000, which was transferred to him, by the
defendants, in contemplation of insolvency, for the benefit of him, the
garnishee, and other favored creditors, but not for the benefit of all
the creditors.

[ Wiley *vs.* Planter's & Mechanic's Bank, & al.]

To each of the said grounds of traverse, the garnishee, James M. Chambers, demurred, on the grounds, that the plaintiffs, in each of the said several grounds of traverse of said answer, did not allege or charge any specific indebtedness, nor did they specify what assets, their nature, kind, or character—that the allegations in each are indefinite, and that the judgment, to be had thereon, could not be plead in bar to any subsequent suit, to be brought thereon, against the said garnishee.

In determining this demurrer, it becomes necessary to look to the rules of pleading, in Courts of Law and Chancery, as well as the reasons of the rule.

The object and purpose of pleading are, that the party, called on or charged, may be fully informed and advised of any and every matter, they may have to answer, and of the character of the evidence that will be adduced, that he may prepare to meet it, and that the adjudication thereof may be final and conclusive, and the judgment had thereon may be plead in bar, to any subsequent action for the same demand or cause. If these are rules of pleading, and the reasons for the rules; is the garnishee, James M. Chambers, in the issue thus tendered, traversing his answers, fully informed and advised in what his indebtedness consists, whether by note, bond, or otherwise? What amount, what for, when due, whether the same is in writing, or if so, the description of the instrument or instruments, whereby they may be known, when tendered in proof? And could he be enabled therefrom to meet the plaintiff's proofs, without being thus advised? Suppose the indebtedness was upon promissory notes, that had been paid off and discharged; would he be prepared with testimony, to prove it? Or, if they were without consideration, or the consideration was illegal, or had failed, or any other ground that would discharge them; could it be met by proof?

The general charge of *indebtedness*, if not particularized, by defining in what and for what, constitutes in my opinion no charge, upon which an issue could be had. It does not follow, because the garnishee answers that he is not indebted, that the charge, that he is indebted, charges any indebtedness. The plea of the general issue, to an action of debt, only denies the charge of indebtedness. *Nil Debet.* But is there any Court, that would entertain a replication to

[Wiley *vs.* Planter's & Mechanic's Bank & al.]

such a plea, which only replied that the "*defendant was indebted*," without specifying wherein? The argument, that the facts of indebtedness are fully known to the garnishee, would apply with as much reason and force, to any and every common law action, and therefore the plaintiff should only allege the defendant was indebted. The garnishment law was intended, by searching the conscience of the garnishee, to ferret out all the assets of the plaintiff's debtor. But whilst the law intended to prevent frauds, the answers of garnishees were taken and presumed to be true, unless it could be made to appear otherwise, by competent proof. If the same is susceptible of proof, the facts proved could as easily be charged: Therefore the plaintiff can have no cause of complaint, as to the decision made in this case. For, if they are unable to specify in what the garnishees indebtedness consists; they are equally unable to prove it: and no Jury could find in favor of the issue, in the absence of such proof. But, if so vague and indefinite a charge was found to be true, and the garnishee was indebted; would the recovery, had by the plaintiff, be any bar to a suit hereafter by the defendants, the garnishee's creditor, against him? Suppose the garnishee had assets, and owed debts, and each amounted, in value, to the sum of $30,000: how is he to be protected, if sued for the assets had, and not the debts due? How could he plead? and, finally, how is the defendant, the creditor of the garnishee, to be protected, if his demand should be greater than the amount charged? Is he not liable to be defeated also? It is clear, therefore, to my mind, that the general charge, of being "indebted to the defendants, in a large sum of money, to wit, in the sum of $30,000," is indefinite, too general, and constitutes no traverse, in law, of the answer of the garnishee.

The reasons applied to the first ground apply with equal force and propriety to the other grounds. Therefore let the issue of Traverse of the Answer of the garnishee be dismissed, and the garnishee discharged from further answering to the same.